STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of David Garen and    }
June Garen                            }
                                      }  Docket Nos. 42-3-01 and 218-
                                      }  9-00 Vtec
                                      }
                                      }

Decision and Order on Appellants= Motion for Summary Judgment

Appellants David Garen and June Garen appealed from two decisions of the Development Review Board (DRB) of the City of Burlington granting preliminary plat approval (Docket No. 218-9-00 Vtec) and the final plat approval (Docket No. 42-3-01 Vtec) to Appellee-Applicants Green Mountain Habitat for Humanity, Inc. and Burlington Housing Authority. The two appeals have been consolidated, and Appellants recognize that the preliminary plat appeal is essentially moot and that the matter will proceed as an appeal of the final plat approval. The hearing on the merits is scheduled for September 17 and 18, 2001.

Appellants are represented by W. Owen Jenkins, Esq.; Appellee-Applicants are represented by Neil H. Mickenberg, Esq.; the City is represented by Joseph E. McNeil, Esq. and Kimberlee J. Sturtevant, Esq.; Interested Persons Katherine W. Gluck, and John E. Desautels are represented by Michael J. Straub, Esq. Interested persons Jeffrey Landa and Lorraine K. Pruss Gorton entered their appearances and represent themselves, but have not appeared at pretrial conferences and have not participated in the briefing of the present motion.

Appellants have moved for summary judgment that final plat approval should be denied as a matter of law, arguing that the proposed project fails to satisfy ' 11.1.1(c) and ' ' 6.1.10(c) and (i) of the Zoning Ordinance, and ' ' 28-7(a)(1)(G) and (I) of the Subdivision Ordinance.

The following facts are undisputed unless otherwise noted.

The Burlington Housing Authority owns or owned approximately 16.2 acres of land, with frontage on North Avenue, frontage on the end of Sunset Drive, and frontage on the end of Venus Avenue, in the residential-low density zoning district. The North Avenue end of this property is developed with a housing development known as Franklin Square, which occupies 3.2 acres, plus a 2.5-acre road right-of-way conveyed or proposed to be conveyed to the City of Burlington. The remainder is undeveloped; it contains a natural area known as the Mt. Calvary Red Maple Swamp (the A Mt. Calvary Area@ ). The Mt. Calvary Area includes a Class II wetland[1] and three rare species of plants: the large whorled pogonia (a type of orchid: Icetray verticillata, protected by the state endangered species statute), the black gum or tupelo tree (Nyssa sylvatica, rare in Vermont), and the yellow bartonia (Bartonia virginica, also rare in Vermont).

In the present project, Appellee-Applicants propose to develop eight units of affordable housing in a Planned Residential Development (PRD), consisting of two duplexes and four single family residences grouped around a cul-de-sac to be extended from the current end of Venus Avenue, on a 2.3-acre parcel, of which 1.8 acres is proposed as the project site and 0.5 acres is proposed as the extension of the Venus Avenue right-of-way to be deeded to the City. A Class II wetland has been located on the property. The project site is in the so-called A upland area@ beyond the buffer required by the Vermont Wetland Rules. In connection with the project, a deeded conservation easement on a 0.6-acre portion of the 1.8-acre PRD project site, together with a deeded conservation easement on 6.6-acres of the 7.5-acre remaining central area of the property, is proposed to be protected as a Conservation Area, together with a contiguous parcel

already owned by the Department of Parks and Recreation[2]. The combined conservation lands are proposed to be managed pursuant to a management plan.

Appellants argue in the present motion that the project fails to A preserve the natural and scenic qualities of open space@ as required by ' 11.1.1(c) of the Zoning Ordinance; fails sufficiently to A provide open space@ as required by ' 6.1.10(c) of the Zoning Ordinance; fails to A protect Burlington= s heritage,@ as required by ' 6.1.10(i) of the Zoning Ordinance; will have an A undue adverse effect on a rare or irreplaceable natural area,@ in violation of ' 28-7(a)(1)(G) of the Subdivision Ordinance; and is not in A substantial conformance with the city= s municipal development plan,@ as required by ' 28-7-(a)(1)(I) of the Subdivision Ordinance.

Material facts are disputed as to each of the elements of each of these criteria. Appellants rely on three documents in particular: the A Burlington Open Space Protection Plan@ and two reports prepared for the City: Jeffrey Parsons, et al., The Identification and Characterization of Burlington, Vermont= s Wetlands and Significant Natural Areas, with Recommendations for Management (1988) and Continuum Associates, Mount Calvary Red Maple Swamp: A Conservation Plan (1992). Material facts are disputed as to whether or to what extent any of these documents was adopted or incorporated into the City= s municipal development plan. Indeed, material facts are disputed even as to which edition of the City= s municipal development plan applies to this application.

Material facts are disputed as to whether the project plan preserves the natural and scenic qualities of A open space[3],@ and, if it does, whether it does so in a way A not detrimental to the city= s interests@ (' 11.1.5(i)). Material facts are also in dispute as to how to characterize the A city= s interests@ under that section in connection with a project for affordable housing, or how to address what may be competing interests of the city.

Material facts are disputed as to whether the existing use of the PRD site, or of the site slated for conservation protection is a A historic, traditional or significant use@ subject to ' 6.1.10(i), and, if so, whether the proposal has minimized its disruption A to the extent practicable.@

Material facts are disputed as to whether or which portion of the Mt. Calvary Area qualifies as a A rare or irreplaceable natural area,@ as well as whether the proposed project will have any adverse effect upon such an area, or whether any adverse effect will be A undue.@ Material facts are disputed as to the relationship in location, distance and effect, of the PRD site compared to the Class II wetland, its buffer area, and the rare plant species.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants= Motion for Summary Judgment is DENIED, as material facts are in dispute as to each of the questions raised by the motion. The hearing on the merits of this application remains scheduled for September 17 and 18, 2001.

Done at Barre, Vermont, this 6th day of September, 2001.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.     We note that the overlay maps included in the 1992 Continuum Associates report have been photocopies in reverse in the document included as Exhibit 8 to Appellants' Motion. If the parties plan to use this document at trial, it may be helpful to acquire actual mylar overlays, or at least to obtain corrected photocopies of them.

2.     Another contiguous parcel already owned by the Burlington Housing Authority is shown on the recorded final plat but does not show an acreage amount. It may also be included in the conservation proposal and may explain why the parties' memoranda refer to the total conservation area as approximately 13 acres in size. We presume the parties will address this issue at the hearing on the merits.

3.     The parties should be prepared at trial or in their post-trial memoranda to address the meaning of this section in the PRD context, as any PRD by definition concentrates allowed development on a portion of a parcel to increase the open space on the remainder of the parcel.